62 F.3d 294
 149 L.R.R.M. (BNA) 3058, 130 Lab.Cas. P 57,964,
95 Cal. Daily Op. Serv. 5996,
95 Daily Journal D.A.R. 10,325,
Pens. Plan Guide P 23911X
 CONTRACT SERVICES NETWORK, INC., a New York corporation;
Preferred Employer Services, Inc., a California corporation;
Contract Services Union, Local 211, a Division of Financial
Consultants Guild of America, Inc., an Oklahoma not for
profit corporation; Contract Services Employees Trust, a
multi-employer employee welfare benefit plan, Plaintiffs-Appellants,
v.
Lloyd W. AUBRY, Jr., as Director of the California
Department of Industrial Relations; Victoria L. Bradshaw,
as Labor Commissioner of the State of California;
California Department of Industrial Relations, Division of
Labor Standards Enforcement, Defendants-Appellees.
 No. 93-56276.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 4, 1995.
Decided Aug. 1, 1995.
 
 1
 Eric C. Sohlgren, Paul, Hastings, Janofsky & Walker, Costa Mesa, CA and C. Craig Cole, Cole, Johnson & Rudkin, Oklahoma City, OK, for all plaintiffs-appellants other than Contract Services Union, Local 211; John A. Claro, Claro & Claro, Oklahoma City, OK, for Contract Services Union.
 
 
 2
 James D. Fisher, Dept. of Industrial Relations, San Francisco, CA, for defendants-appellees.
 
 
 3
 Appeal from the United States District Court for the Central District of California.
 
 
 4
 Before NELSON and CANBY, Circuit Judges, and TANNER,* District Judge.
 
 TANNER, Senior District Judge:
 
 5
 Contract Services Network, Inc., and others appeal the district court's denial of their motion for a temporary restraining order and/or a preliminary injunction in their action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Sec. 1144(a), seeking to enjoin the Director of the California Department of Industrial Relations and others from requiring them to maintain workers' compensation coverage as required by California Labor Code Sec. 3700.[1] We affirm the district court's denial of Appellants' motion.
 
 FACTS
 
 6
 Plaintiff Contract Services Network, Inc., ("CSN") is a multi-employer trade and bargaining association whose members operate in several states, including California.
 
 
 7
 Plaintiff Contract Services Union Local 211 ("Union") represents the Network's employees, who are covered by a collective bargaining agreement which provides workers' compensation benefits under an ERISA-covered Trust Fund, the Contract Services Employees Trust ("Trust"). The Trust provides health and welfare benefits to its employees, including medical and death benefits coverage, emergency room care, and vision and hearing aid benefits. The Trust guarantees payment of benefits at levels equivalent to state-mandated benefits, and provides an arbitration mechanism to resolve disputes.
 
 
 8
 On June 15, 1993, investigators of the California Division of Labor Standards Enforcement ("DLSE") issued a stop work order pursuant to Cal.Lab.Code Sec. 3710.1 to Preferred.[2] The basis for the stop work order was Preferred's failure to demonstrate compliance with the workers' compensation coverage requirements of California Labor Code Sec. 3700.
 
 
 9
 On July 21, 1993, CSN filed a complaint alleging that California Labor Code Sec. 3700 was preempted by Sec. 1144(a) of ERISA; the National Labor Relations Act (NLRA), 29 U.S.C. Sec. 157 et seq.; the Labor Management Relations Act Sec. 301 (LMRA), 29 U.S.C. Sec. 185; and the Federal Arbitration Act (FAA), 9 U.S.C. Sec. 1 et seq.
 
 
 10
 On August 3, 1993, CSN filed an Ex Parte Application for a Temporary Restraining Order to Show Cause Re Preliminary Injunction, seeking to enjoin Defendants from taking any action against any member of the Network for violations of California Labor Code Sec. 3700. While the district court found that "a sufficient showing of irreparable harm has been made", it denied the requested relief, finding that none of the federal statutes in question preempted the Defendants' actions. On August 5, 1993, the district court denied CSN's request for a temporary restraining order. The parties stipulated that the court's decision would be construed as an order denying a motion for a preliminary injunction, and thus immediately appealable. The district court has jurisdiction pursuant to 28 U.S.C. Sec. 1331. We have jurisdiction pursuant to 28 U.S.C. Sec. 1292(a)(1), and we affirm.
 
 ANALYSIS
 
 11
 The district court's decision to deny injunctive relief will be upheld unless the court incorrectly applied the law, relied on clearly erroneous factual findings, or otherwise abused its discretion. Ocean Garden, Inc. v. Marktrade Co., 953 F.2d 500, 502 (9th Cir.1991).
 
 
 12
 Issues of law underlying the district court's denial of a preliminary injunction are reviewed de novo. Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 600 (9th Cir.1991). The district court's decision regarding preemption is reviewed de novo. Aloha Airlines, Inc. v. Ahue, 12 F.3d 1498, 1500 (9th Cir.1993).
 
 I. ERISA Preemption
 
 13
 California law requires employers to provide workers' compensation through a separately-administered employee benefit plan. The question before us is whether California's law is preempted by ERISA.
 
 
 14
 Section 514(a) of ERISA, codified at 29 U.S.C. Sec. 1144(a), provides that the ERISA provisions "supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b)." Section 514(a), 29 U.S.C. Sec. 1144(a).
 
 
 15
 Under section 4(b)(3) of ERISA, 29 U.S.C. Sec. 1003(b), an employee benefit plan is exempt from preemption if: "... (3) such plan is maintained solely for the purpose of complying with applicable workmen's compensation laws or unemployment compensation or disability insurance laws; ..." Sec. 4(b)(3), 29 U.S.C. Sec. 1003(b).
 
 
 16
 Plaintiffs argue that California's requirement that their employee benefit plan be separately maintained "relates to" the administration of the Trust, and thus is preempted by Sec. 1003 of ERISA. A state law "relates to" an employee welfare benefit plan "if it has a connection with or reference to such a plan," and does not fall within a Sec. 514(b) exception. District of Columbia v. Greater Washington Board of Trade, --- U.S. ----, ----, 113 S.Ct. 580, 583, 121 L.Ed.2d 513 (1992); State of Nevada ex rel. Dept. of Ins. v. Contract Services Network, Inc., 873 F.Supp. 385, 390 (D.Nev.1994).
 
 
 17
 Furthermore, Plaintiffs argue that because their plan is a multi-benefit plan, it is not "maintained solely" for compliance with workers' compensation laws, and is therefore not exempt from preemption.
 
 
 18
 Our decision in Employee Staffing Services, Inc. v. Aubry, 20 F.3d 1038 (9th Cir.1994), is controlling. The State of California has not attempted to regulate or intrude upon the Trust plan maintained by CSN. Plaintiffs' plan, therefore, is not preempted by ERISA.
 
 II. NLRA Preemption
 
 19
 Plaintiffs next argue that the NLRA preempts state regulation of collectively bargained medical insurance plans that provide state minimum benefits.
 
 
 20
 The NLRA contains no statutory preemption clause. Thus, we will "sustain a local regulation 'unless it conflicts with federal law or would frustrate the federal scheme, or unless the courts discern from the totality of the circumstances that Congress sought to occupy the field to the exclusion of the states.' " Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 747-48, 105 S.Ct. 2380, 2393, 85 L.Ed.2d 728 (1985).
 
 
 21
 The Supreme Court has recognized two doctrines for determining NLRA preemption. Under Garmon preemption, "state regulations and causes of action are presumptively preempted if they concern conduct that is actually or arguably either prohibited or protected by the Act." Belknap Inc. v. Hale, 463 U.S. 491, 498, 103 S.Ct. 3172, 3177, 77 L.Ed.2d 798 (1983); San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 245, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959). However, Garmon will not result in preemption if the conduct is of only peripheral concern to the NLRA, or if it touches interests "deeply rooted in local feeling and responsibility." Id. at 243-244, 79 S.Ct. at 779.
 
 
 22
 Plaintiffs claim that the state is attempting to invalidate the CSN Trust. To the contrary; California has not sought to regulate any conduct subject to the regulatory jurisdiction of the NLRB. The state simply requires that employers comply with the funding requirements of California Labor Code Sec. 3700. Nothing prohibits Plaintiffs from acquiring workers' compensation benefits in addition to those mandated by Sec. 3700. Thus, Garmon preemption is not implicated.
 
 
 23
 Machinists preemption, the second NLRA preemption doctrine, prohibits state interference in activity which Congress intended to be unregulated. Metropolitan Life, 471 U.S. at 749, 105 S.Ct. at 2394; See Machinists v. Wisconsin Emp. Rel. Comm'n, 427 U.S. 132, 96 S.Ct. 2548, 49 L.Ed.2d 396 (1976). Because this case involves the applicability of a state law requiring employers to comply with industrial insurance requirements, Machinists preemption is implicated. See Contract Services Network, 873 F.Supp. at 393.
 
 
 24
 In Metropolitan Life, the Supreme Court upheld a Massachusetts statute against a claim of NLRA preemption. Id. at 758, 105 S.Ct. at 2399.[3] The court reasoned that the mandated-benefit law was a valid and unexceptional exercise of the state's police power. Id. at 758, 105 S.Ct. at 2398-99. Also, the legislation did not alter the balance of power between the parties to the contract. Id. at 751, 105 S.Ct. at 2395. The minimum labor standards in Metropolitan Life neither encouraged nor discouraged the bargaining process, and the Massachusetts law affected all workers equally. Id. at 755, 105 S.Ct. at 2397. Because rights of self-organization or collective bargaining were not limited, the Act did not preempt state law. Id. at 758, 105 S.Ct. at 2399.
 
 
 25
 Plaintiffs argue that Bechtel Constr. Inc. v. United Brotherhood of Carpenters & Joiners, 812 F.2d 1220, 1225-26 (9th Cir.1987), governs this case. Bechtel is distinguishable. In Bechtel, the Ninth Circuit held that the NLRA preempted a California law setting minimum wages for apprentices. Under California law, wages lower than minimum wage could be negotiated with the approval of a state agency. Id. at 1226. This state interference in the collective bargaining process was held to be impermissible.
 
 
 26
 The wage requirements at issue in Bechtel did not apply to all workers, only apprentices, and the effect on the collective bargaining process of imposing the state law was inconsistent with the legislative goals and purposes of the Act. See Contract Services Network, 873 F.Supp. at 393 (finding that the NLRA does not preempt Nevada's Industrial Insurance Act).[4]
 
 
 27
 Workers' compensation laws requiring that employers contribute to unemployment and workers' compensation funds are minimum labor standards which are not subject to preemption under the rationale of Metropolitan Life.[5]
 
 
 28
 California Labor Code Sec. 3700 requires all employers to secure payment of workers' compensation. Unlike Bechtel, the California law involved here applies to all private employers without regard to any collective bargaining agreement that may govern other employment matters. The law cannot be undercut by collective bargaining or other means, nor does the law frustrate the purpose of Congress. As a result, we find that the NLRA does not preempt California Labor Code Sec. 3700.
 
 III. FAA and LMRA Preemption
 
 29
 Plaintiffs argue that California's workers' compensation law is preempted by the Federal Arbitration Act ("FAA"), 9 U.S.C. Sec. 1 et seq., which governs the enforcement of arbitration agreements. Perry v. Thomas, 482 U.S. 483, 489-490, 107 S.Ct. 2520, 2525, 96 L.Ed.2d 426 (1987). Plaintiffs also argue preemption under the Labor Management Relations Act (LMRA) Sec. 301, 29 U.S.C. Sec. 185. Section 301 governs claims "founded directly on rights created by collective bargaining agreements, and also claims 'substantially dependent on analysis of a collective bargaining agreement.' " Caterpillar Inc. v. Williams, 482 U.S. 386, 394, 107 S.Ct. 2425, 2431, 96 L.Ed.2d 318 (1987) (citation omitted). Application of state law is preempted by Sec. 301 of the LMRA only if such application requires interpretation of a collective bargaining agreement. Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413, 108 S.Ct. 1877, 1885, 100 L.Ed.2d 410 (1988).
 
 
 30
 There is neither a dispute over the rights established in a collective bargaining agreement, nor a private agreement to arbitrate at issue in this case. Contract Services Network, 873 F.Supp. at 394. Therefore, neither the LMRA nor the FAA preempts the application of California Labor Code Sec. 3700.
 
 CONCLUSION
 
 31
 There is no indication that the district court made clearly erroneous factual findings, improperly applied the law, or otherwise abused its discretion. The judgment of the district court is, accordingly, Affirmed.
 
 
 
 *
 Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 [1]
 A Brief of amici curiae urging affirmance was filed by the United States Secretary of Labor through the Office of the Solicitor, Plan Benefits Security Division
 
 
 [2]
 "Preferred" refers to Preferred Employer Services, Inc., a member of the Network
 
 
 [3]
 The Massachusetts statute required that certain minimum health-care benefits be provided a Massachusetts resident who was insured under a general health insurance policy or an employee health-care plan that covers hospital and surgical expenses
 
 
 [4]
 In Contract Services Network, the court held that Nevada's industrial insurance law applied equally to all employers. Because the court found that the law had no effect on the bargaining process, it found Metropolitan Life, rather than Bechtel, controlling
 
 
 [5]
 Regarding workers' compensation laws, the Supreme Court noted that "[s]tate laws requiring that employers contribute to unemployment and workmen's compensation funds.... all have withstood scrutiny." Id. at 756, 105 S.Ct. at 2398