99 F.3d 340
 153 L.R.R.M. (BNA) 2705, 65 USLW 2313,
Unempl.Ins.Rep. (CCH) P 22,166,
96 Cal. Daily Op. Serv. 7968,
96 Daily Journal D.A.R. 13,215
 MORENO ROOFING COMPANY, INC., Plaintiff-Appellant,
v.
Thomas P. NAGLE; State of California, Employment
Development Department; James S. Scott, in his official
capacity as Regional Director of Region 32 of the National
Labor Relations Board, Defendants-Appellees.
 No. 95-16044.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 2, 1996.
Decided Oct. 31, 1996.
 
 Mark R. Thierman, San Francisco, CA, for plaintiff-appellant.
 Ralph M. Johnson, Deputy Attorney General, San Francisco, CA, for state defendant-appellee.
 Margery E. Lieber and Mark R. Gisler, National Labor Relations Board, Washington, DC, for federal defendant-appellee.
 Appeal from the United States District Court for the Northern District of California, Claudia Wilken, District Judge, Presiding. D.C. No. CV-94-03121-CW.
 Before: SKOPIL and FLETCHER, Circuit Judges, and RHOADES, District Judge.*
 SKOPIL, Senior Circuit Judge:
 
 
 1
 The issue posited is whether a state law that requires an employer to repay state unemployment benefits when a worker receives a back pay award is preempted by the National Labor Relations Act. The employer contends that the state law interferes with the National Labor Relations Board's authority to settle labor disputes and obtain back pay awards. The district court held that state law is not preempted because application of the law is both procedurally and substantively separate from the NLRB's jurisdiction. We affirm.
 
 I.
 
 2
 Moreno Roofing Company was charged in November 1993 with unfair labor practices after it allegedly interfered in a union election and refused to assign work to eleven employees who had joined or assisted the union. Moreno settled the charges by agreeing to abide by the election results and by reinstating the employees with back pay.
 
 
 3
 The NLRB calculated the back pay award by averaging the amount earned by employees who had not been discharged during the relevant time period. This average was then reduced by the income each discharged employee actually earned in other employment or received as state unemployment benefits. An amount of $30,315 was determined to be the aggregate back pay owed by Moreno to the eleven workers. Moreno and the NLRB, however, agreed to settle for $22,000. After the settlement agreement was signed, the Board notified Moreno that the back pay calculation should not have excluded the unemployment benefits, and that had these benefits been included, the total owed would have been $39,960. Neither Moreno nor the Board, however, sought to alter or set aside the settlement.
 
 
 4
 Six months later, California notified Moreno that the unemployment benefits received by the discharged employees must be repaid to the state. The state acted pursuant to California Unemployment Insurance Code § § 1375 and 1382. Section 1375 requires repayment of unemployment benefits when there is a subsequent back pay award or settlement. Section 1382 provides that when the back pay award or settlement is reduced by the amount of the unemployment benefits, the employer rather than the employee is liable for the repayment.
 
 
 5
 Rather than repay, Moreno filed this action in federal district court, seeking a determination that state law is preempted. The district court, however, rejected Moreno's contention that California's statute interferes with the NLRB's remedial powers. The court reasoned that collection of the unemployment benefits from Moreno, although obviously precipitated by the back pay settlement, was "separate from the NLRB's actions, both procedurally and substantively" and the "state's right to collect these funds does not interfere with the NLRB's remedial powers." Our review is de novo. See Contract Services Network, Inc. v. Aubry, 62 F.3d 294, 297 (9th Cir.1995) (district court's ruling on preemption is a question of law reviewed de novo).
 
 II.
 
 6
 Although the National Labor Relations Act contains no statutory preemption provision, it is well established that Congress intended to exercise exclusive power over certain areas of labor law. See Babler Bros., Inc. v. Roberts, 995 F.2d 911, 914 (9th Cir.1993). "When state laws conflict with federal law in these areas, federal law preempts the state law." Id. Several labor preemption doctrines have been established by the Supreme Court. At issue here is Garmon preemption which prevents states from regulating conduct subject to the jurisdiction of the NLRB. See San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 245, 79 S.Ct. 773, 779-80, 3 L.Ed.2d 775 (1959); Bassette v. Stone Container Corp., 25 F.3d 757, 759 (9th Cir.1994). Garmon protects the primary jurisdiction of the NLRB by preventing a state from regulating "conduct that is actually or arguably protected or prohibited by the NLRA." Babler Bros., 995 F.2d at 914. Garmon preemption does not apply, however, when the "conduct is of only peripheral concern to the NLRA, or if it touches interests deeply rooted in local feeling and responsibility." Contract Services, 62 F.3d at 298 (internal quotation omitted).
 
 
 7
 Moreno relies principally on NLRB v. Illinois Dep't of Employment Security, 988 F.2d 735 (7th Cir.1993). There, an employer agreed to settle an unfair labor practice charge by providing back pay to six employees. Pursuant to state law, the employer issued checks jointly payable to the employees and to the state, reflecting both back wages and unemployment benefits paid to the employees. Illinois, 988 F.2d. at 737. The NLRB filed a declaratory action in federal court contending that state law requiring the state to be a joint payee is preempted by the NLRA. The Seventh Circuit agreed. Id. at 739. The court reasoned that the state's requirement interfered with the NLRB's authority to determine an appropriate remedy for wronged employees, an activity that is more than merely peripheral to the primary purpose of the NLRA. Id. The court nevertheless observed that the state is "free to recoup the benefits it paid the employees, but its collection efforts must be independent of the Board's order." Id.
 
 
 8
 The requisite independence is present here. As the district court correctly noted, collection of the unemployment benefits by California pursuant to section 1382 is separate from the NLRB's actions, both procedurally and substantively. Section 1382 provides a method for the state's recovery of unemployment benefits that does not affect the amount or distribution of back pay to employees because the state's collection takes place after calculation and distribution of the back pay award. We conclude that, unlike the state law at issue in Illinois, California's statutory scheme for recovering unemployment benefits is sufficiently independent of the NLRB's authority so as not to invoke Garmon preemption. See Viceroy Gold Corp. v. Aubry, 75 F.3d 482, 490 (9th Cir.1996) (state's minimum employment standards do not impermissibly intrude into NLRB's jurisdiction).
 
 
 9
 Moreno nevertheless contends that we should determine if state law as applied to the particular facts of this case is preempted. Moreno relies on the NLRB's concession that its usual practice and procedure was not followed when the unemployment benefits were deducted from the back pay calculation. There is no dispute that the NLRB usually treats unemployment compensation as collateral benefits (as opposed to interim earnings) that are not to be offset against back pay. See NLRB v. Gullett Gin Co., 340 U.S. 361, 364, 71 S.Ct. 337, 339, 95 L.Ed. 337 (1951) (NLRB has the authority to refuse to deduct unemployment compensation payment from a back pay award). Moreno notes that only after it signed the settlement agreement was it informed that the NLRB's agent failed to follow the usual practice and thereby incorrectly calculated the aggregate back pay award. Moreno contends that had it known of the liability to the state, it would not have agreed to settle the unfair labor practices charges.
 
 
 10
 Although Moreno raises equity considerations, its argument does not change the preemption analysis. The state was not a party to the settlement agreement. By seeking to recover unemployment compensation payments, either from the employee or the employer, the state "has not sought to regulate any conduct subject to the regulatory jurisdiction of the NLRB." Contract Services, 62 F.3d at 298 (holding that Garmon preemption is not implicated by California statute requiring employers to provide workers' compensation). Rather, the state's action is intended to prevent the employee or the employer from receiving a windfall at the expense of the state. We must agree with the district court's observation that Moreno's apparent lack of knowledge that it would be required by state law to repay the unemployment compensation "doesn't make a preemption case."
 
 
 11
 Moreno also argues for preemption on the theory that state law requires that back pay awards be dissected to determine whether or not they contain unemployment benefits. In this instance, the state asked the NLRB if the settlement included state unemployment benefits. Moreno contends that this constitutes "interference" with the NLRB's authority to settle unfair labor practices. The NLRB disagrees, pointing out that its procedures require full public disclosure of back pay calculations. Notwithstanding such disclosure, however, we do agree with Moreno that California's statutory scheme requires the state to somehow determine how each back pay award is calculated. In instances when the NLRB agrees to settle a claim for less than the full amount due, it may not be clear whether the settlement amount truly includes or excludes state benefits. We conclude, however, that such hypothetical uncertainty is not sufficient to preempt state law. Whatever minor scrutiny a state must make of NLRB back pay awards is "merely peripheral" to the NLRB's concerns and therefore does not implicate Garmon preemption. Contract Services, 62 F.3d at 298.
 
 III.
 
 12
 Moreno raises for the first time on appeal an issue of the fairness of California's recoupment statutes. Moreno notes that employers are treated differently than employees because section 1375 provides that the state may waive repayment for an employee when there is no fault and recovery would be "against equity and good conscience." Moreno contends that this argument was raised in the district court during oral argument on the motion for summary judgment. We disagree. The transcript shows that Moreno's counsel noted the waiver provisions of section 1375 but only when comparing California and Illinois law. Counsel's remarks neither presented an issue of disparate treatment nor caused the district court to address the issue. We are not required to consider an argument that was not properly presented to the district court or otherwise preserved for review. See Broad v. Sealaska Corp., 85 F.3d 422, 430 (9th Cir.1996).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable John S. Rhoades, United States District Judge for the Southern District of California, sitting by designation