FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 28 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUPE C. HERNANDEZ,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security Administration,<br><br>    Defendant - Appellee. | No. 08-17511<br><br>D.C. No. CV-07-00828-GMS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted March 11, 2010
San Francisco, California

Before: WALLACE, GRABER, and McKEOWN, Circuit Judges.

Plaintiff Lupe C. Hernandez appeals from the summary judgment in favor of

the Commissioner of the Social Security Administration. On de novo review,

Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005), we vacate and remand.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Standards for evaluating a disability claim are set forth at 20 C.F.R. § 404.1520, which prescribes a sequential evaluation process for disability claims. A finding of "disabled" or "not disabled" at any point in the review process is conclusive and terminates the analysis. Id. § 404.1520(a)(4). Here, the district court addressed only an issue arising at the <u>fifth</u> step of the analysis, even though Plaintiff had argued in her motion for summary judgment—albeit not extensively—that the evidence showed her to be disabled at the <u>third</u> step. The district court abused its discretion by remanding her claim for further proceedings after considering only a step-five error. If Plaintiff's arguments at step three were persuasive, there would be no need to reach step five, or a remand might address step three. We therefore vacate the district court's order and remand to the district court for sequential consideration of the alleged errors.

The dissent asserts that no record evidence supports the proposition that Plaintiff manifested onset of her mental impairment before age 22. (Diss. at 6.) We read the record differently. Evidence <u>from</u> the developmental period is not required in order to establish that the impairment began before the end of the developmental period; rather, the agency may use its judgment when current evidence allows it to infer when the impairment began. Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed. Reg. 50746-

2

01, 50753 (Aug. 21, 2000) (interpreting Listing 12.05). In other words, mental retardation could be found at step three if the evidence suggests an early onset of low mental functioning, even if no one tested Plaintiff's intelligence until adulthood. There is evidence from which an administrative law judge ("ALJ") could conclude that Plaintiff met the requirements of Listing 12.05. For example, she repeated fourth grade, received poor grades in school, and did not attend high school. The agency's medical consultant testified that there was no evidence that Plaintiff's cognitive functioning had deteriorated over time. A person with an IQ of 64 is considered mentally retarded under Listing 12.05(C) if she also has a physical or other mental impairment imposing an additional and significant work-related limitation of function. An ALJ could conclude that the physical limitations found here constituted such a significant work-related limitation of function. Therefore, this record does not permit a conclusion that Plaintiff's claim fails at step three as a matter of law.

After proper review of a claim, a district court does not abuse its discretion by remanding for further proceedings if outstanding issues remain to be resolved by the ALJ. Vasquez v. Astrue, 572 F.3d 586, 593 (9th Cir. 2009). Accordingly, on remand, if the district court determines that the ALJ did not err at the third step, nor in assessing Plaintiff's residual functional capacity, it may remand for the ALJ

3

to reconcile the conflict between the vocational expert's testimony and the Dictionary of Occupational Titles' statement that certain jobs required physical abilities beyond Plaintiff's residual functional capacity. If the district court determines that the ALJ erred at the third step, it may remand on that issue as well.

VACATED and REMANDED. Costs on appeal awarded to Plaintiff-Appellant.

*Hernandez v. Astrue*, No. 08-17511

WALLACE, Circuit Judge, dissenting:

I dissent from the majority's disposition because claimant Lupe Hernandez waived the argument that the majority believes requires remand. Claimant did not seek a determination, either from this court or the district court, that the Administrative Law Judge (ALJ) committed error at step three of the sequential evaluation process. Nevertheless, the majority seeks to explore error at step three. The majority takes up this cause on its own and I would not do so.

We review the district court's decision in a social security case de novo, including a district court's determination to remand a case to the Social Security Administration. *Harman v. Apfel*, 211 F.3d 1172, 1174-75 (9th Cir. 2000). However, "its decision whether such a remand is for further proceedings or for an immediate payment of benefits is reviewable for abuse of discretion rather than *de novo*." *Id*. at 1173.

It is clear to me that claimant waived the argument that the majority concludes is determinative. As a general rule, the court of appeals "does not consider an issue not passed upon below." *Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir. 1995) (quotation and citation omitted). Although there is no "bright-line" rule, an issue is generally deemed waived if it is not "raised sufficiently for the trial court to rule on it." *Whittaker Corp. v. Execuair Corp.*,

953 F.2d 510, 515 (9th Cir. 1992). Claimant sought summary judgment as to step five of the sequential evaluation process. Claimant's summary judgment pleadings stated that a discussion of step three was "superfluous" and "error is alleged at step five of the sequential evaluation process." Specifically, declining to discuss error at step three, claimant's summary judgment brief stated:

> Defendant's testifying consulting physician affirmed that the psychological restrictions and limitations together with claimant's low IQ, establishes an equaling of Listing 12.05 C . . .. Plaintiff agrees with this conclusion . . . . Notwithstanding the above, because the evidence of record shows Ms. Hernandez to be disabled at Step five of the sequential evaluation process, a detailed discussion of Listing 12.05C is superfluous.

By these statements, the step three argument was waived. Claimant's summary judgment pleadings did not present the step three argument sufficiently to preserve it for our review. *See, e.g.*, *Moreno Roofing Co., Inc. v. Nagle*, 99 F. 3d 340, 343 (9th Cir. 1996). Claimant proceeded on a theory of step five error and I would not consider step three on appeal. *See, e.g.*, *Zobrest v. Catalina Foothills School Dist.*, 509 U.S. 1, 7 (1993) (declining to consider statutory theory where claim had been litigated under constitutional theory); *USA Petroleum Co. v. Atlantic Richfield Co.*, 13 F/3d 1276, 1285–1286 (9th Cir. 1994) (*"*Where a party pursues only one of two possible theories in the district court . . . the party may not pursue the abandoned theory on appeal").

2

In any event, the district court did not abuse its discretion in remanding for further proceedings. To hold there was an abuse of discretion, we must possess a definite and firm conviction that the district court committed a clear error of judgment in reaching its conclusion upon a weighing of relevant factors. *Harman*, 211 F.3d at 1175 (discretion abused only where "the reviewed decision lies beyond the pale of reasonable justification under the circumstances"). Claimant explicitly described step three as "superfluous." The district court could not have abused its discretion in not considering an argument deemed "superfluous" by claimant in the first place. *See, e.g.*, *Doi v. Halekulani Corp.*, 276 F3d 1131, 1140 (9th Cir. 2002) (no abuse of discretion where argument waived). The district court's remand determination thus fell within the broad range of permissible conclusions under these circumstances. *See Speiser, Krause & Madole P.C. v. Ortiz,* 271 F.3d 884, 887 (9th Cir. 2001).

In addition, Hernandez has waived in her argument before our court any step three error. We "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986). We deem "[i]ssues raised in a brief which are not supported by argument" to be abandoned. *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992), *citing Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.

3

1988). Claimant's opening brief recites, in the summary of argument section, that she "noted" a possible step three disability in her district court papers, "but did not assert legal error at step three because the argument was superfluous as the evidence of record showed Ms. Hernandez to be disabled at step five of the sequential evaluation process." Again, claimant asserts, "[l]egal error occurred at step five of the sequential evaluation process . . . ". Claimant offered no argument to support a step three disability determination. Claimant's opening brief was thus insufficient to raise a claim of step three error. *Cf., e.g.*, *Kohler v. Inter-Tel Technologies*, 244 F.3d 1167, 1182 (9th Cir. 2001) ("bare assertion of an issue does not preserve a claim"); *Martinez-Serrano v. I.N.S.,* 94 F.3d 1256, 1259 (9th Cir. 1996) (issue waived where mentioned in statement of the case but not discussed in body of opening brief).

Although we may consider an issue not considered by the district court or raised in claimant's opening brief, *see Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 59 F.3d 902, 912 (9th Cir. 1995), we are not required to do so, *see Broad v. Sealaska Corp*., 85 F.3d 422, 430 (9th Cir. 1996). In this case, there is no basis to consider an argument which was not pursued by claimant in the district court or in this court, much less "exceptional circumstances" to overcome the presumption against consideration of new

4

arguments on appeal. *See Dream Palace v. County of Maricopa*, 384 F.3d 990, 1005 (9th Cir. 2004) (exceptions to waiver rules); *King v. AC & R Advertising*, 65 F.3d 764, 769, fn. 1 (9th Cir. 1995). Given that claimant did not seek a step three disability determination from us, I would not assert such an argument on her behalf. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) (en banc) ("[w]e will not manufacture arguments for an appellant. . .").

Indeed, reviewing the district court's decision to remand de novo, *Harman*, 211 F.3d at 1174-75, there was no error. The Commissioner's disability determination should be upheld if it applies the proper legal standard and is supported by substantial evidence in the record. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). "Substantial evidence is more than a mere scintilla but less than a preponderance," *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998), and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

At step three, it was claimant's burden to prove that her impairment met or equaled one of the impairments listed in 20 C.F.R. § 404, Subpart P. *Hoopai v. Astrue*, 499 F.3d 1071, 1074-75 (9th Cir. 2007). To meet this burden, claimant pointed to IQ testing. Claimant's IQ alone is insufficient, however, to establish a listed disability under the Code of Federal Regulations, which requires:

"significantly subaverage general intellectual functioning with deficits in adaptive functioning *initially manifested during the developmental period*; i.e., the evidence demonstrates or supports *onset of the impairment before age 22*." 20 C.F.R. § 404, Subpt. P, App. 1 at 12.05(c) (emphasis added). There is no evidence in the record directly supporting the proposition that claimant manifested "onset of the impairment before age 22." *Id.* The only medical professional who provided testimony pertaining to the onset date of claimant's mental limitations stated that there was no evidence of mental retardation before claimant attained the age of 22. As the ALJ described, further, evidence of claimant's adaptive functioning was inconsistent with mental retardation.

The majority points out that "[e]vidence *from* the developmental period is not required in order to establish that the impairment began before the end of the developmental period." Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed. Reg. 50746-01, 50753 (Aug. 21, 2000) (interpreting Listing 12.05). This does not alter my conclusion. The agency's rules also stress the importance of longitudinal evidence, "[because] an individual's level of functioning may vary considerably over time . . . it is vital to obtain evidence from relevant sources over a sufficiently long period to establish impairment severity." *Id.* More importantly, my point is not directed at the

6

absence of evidence from claimant's developmental period. Rather, while the majority believes that the record contains evidence on which an ALJ "could" find a listed disability, I must conclude that the ALJ's conclusion here was supported by substantial evidence. Even if the record evidence was "susceptible to more than one rational interpretation," the ALJ's decision should be upheld. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005).

I dissent.