FILED

MAR 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARBARA G. DAUVEN, | No. 12-35828 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00305-BR |
| v. | |
| GEORGE FOX UNIVERSITY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted March 5, 2014
Portland, Oregon

Before: TROTT and W. FLETCHER, Circuit Judges, and BLOCK, Senior District
Judge. [**]

Plaintiff Barbara Dauven sued the defendants in this case alleging numerous

claims arising out of Dauven's studies at George Fox University's Graduate

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Frederic Block, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

Department of Counseling and a related internship at the DePaul Adult Drug and Alcohol Treatment Center. At trial, Dauven lost on her three claims that had survived summary judgment. She now challenges (1) the district court's order denying her motion for summary judgment on her breach of contract claim; (2) the "actual notice" jury instruction for her Title IX claim; and (3) the district court's award of costs for defendants. We have jurisdiction under 28 U.S.C. § 1291. For the reasons that follow, Dauven's challenges fail.

Dauven first claims that the district court erroneously denied her motion for summary judgment on her breach of contract claim by failing to decide that George Fox's graduate handbook governed her relationship with George Fox. Under the graduate handbook, she claims, no disputed material fact remained for trial. Dauven's argument fails because the district court correctly found that disputed material facts existed under any of the possible governing contracts, including the graduate handbook. See Banuelos v. Constr. Laborers' Trust Funds for S. Cal., 382 F.3d 897, 902–03 (9th Cir. 2004).

Dauven next argues that the district court erred by instructing the jury that Dauven's Title IX claim required her to prove that a George Fox official with the authority to address the alleged discrimination had "actual notice" of that discrimination. Rather, Dauven contends that she based that claim on an alleged

2

discriminatory institutional policy. But Dauven raised the "institutional policy" theory for the first time on appeal, and so we need not consider it. See Moreno Roofing Co. v. Nagle, 99 F.3d 340, 343 (9th Cir. 1996). Moreover, Dauven declined to object to the instruction, and repeatedly said she understood and agreed with the instruction. It cannot be plain error for a district court to rely on the overt statements of a party acquiescing in an instruction, simply because the party prefers a different theory of the case on appeal. See Fed. R. Civ. P. 51(d)(2).

Finally, Dauven challenges the district court's award of costs pursuant to Fed. R. Civ. P. 54(d)(1) to defendants. Because counsel for defendants has agreed to vacate the cost judgment against Dauven, we remand for that sole purpose. Each party will bear its own costs on appeal.

**AFFIRMED IN PART and REMANDED IN PART with instructions to VACATE the award of costs against the plaintiff.**