**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ANGEL RAMIREZ; et al., | No.    17-55848 |
| Plaintiffs-Appellees, | D.C. Nos. 2:15-cv-03830-WDK-AGR |
| v. | 2:15-cv-06059-WDK-AGR 2:15-cv-06062-WDK-AGR |
| XPO CARTAGE, INC., FKA Pacer Cartage, Inc., | 2:15-cv-06064-WDK-AGR 2:15-cv-06065-WDK-AGR |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
William D. Keller, District Judge, Presiding

Submitted February 15, 2019[**]
Pasadena, California

Before:  CALLAHAN and OWENS, Circuit Judges, and KORMAN,[***] District Judge.

XPO Cartage, Inc., formerly known as Pacer Cartage, Inc. ("Pacer"), appeals

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

from the district court's judgment, after a four-day bench trial, awarding damages in favor of truck drivers Jose Ramirez, Jose Alba, Jose Peraza, Mario Alba, and Mauricio Rodriguez ("the Drivers"), who alleged that Pacer misclassified them as independent contractors instead of employees. As the parties are familiar with the facts, we do not recount them here. We decline to reach the sole issue raised on appeal due to waiver and affirm the district court judgment.

Pacer presents a single issue on appeal: Whether California Labor Code section 2802 is preempted by the federal Truth in Leasing ("TIL") regulations, 49 C.F.R. § 376.12(e)-(j). Pacer asserts that the Drivers, even as employees, are not entitled to damages under section 2802, which mandates that employers reimburse employees "for all necessary expenditures" incurred by employees in the discharge of their duties. Cal. Lab. Code § 2802(a). Pacer argues that the TIL regulations guarantee a zone of "free play" where motor carriers and owner-operator truck drivers may decide how to allocate costs between them without any regulatory interference. Thus, according to Pacer, section 2802 and the TIL regulations unavoidably conflict.

"As a general rule, an appellate court will not hear an issue raised for the first time on appeal." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992). Although there is no "bright line rule" to determine whether an issue was properly raised below, "[a] workable standard . . . is that the argument must be

raised sufficiently for the trial court to rule on it." *Id.* (citation omitted).

Here, Pacer did not sufficiently raise the issue before the district court. Pacer mentioned the possibility of the TIL regulations preempting section 2802 in one sentence in a brief early in the litigation, and the district court copied this sentence in a pre-trial conference order summarizing Pacer's defenses. But Pacer never raised the issue again, even when the district court repeatedly pressed Pacer to explain its preemption arguments and requested that Pacer address whether the Drivers were entitled to reimbursement under section 2802. *See Foti v. City of Menlo Park*, 146 F.3d 629, 637-38 (9th Cir. 1998) (concluding that an issue was waived when a party "failed to present complete arguments" after the court "noted that it needed fuller explanations"), *amended on denial of reh'g* (July 29, 1998). Thus, Pacer "effectively abandoned" the issue. *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) ("Without any 'overture to the district court to suggest that [the party] had a continuing interest in pursuing [the claim] . . . the district court had no reason to consider the contention . . . .'" (citation omitted)).

Pacer argues that the TIL regulations were discussed during the trial, but these references to the regulations concerned the separate issue of whether the Drivers were independent contractors or employees under California common law. On appeal, Pacer does not challenge the district court's conclusion that the Drivers

are employees. *See Moreno Roofing Co. v. Nagle*, 99 F.3d 340, 343 (9th Cir. 1996) (determining that an issue was waived, even though the party referenced the relevant statutory provision before the district court, because the party made a different argument based on the provision on appeal).[1]

**AFFIRMED**.

---

[1] The Drivers' motion to dismiss the appeal (Dkt. Nos. 32 and 34) is now moot.