**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRANDY BREWER, | No. 19-16007 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-01091-SMM-EPG |
| v. | |
| LEPRINO FOODS COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Stephen M. McNamee, District Judge, Presiding

Argued and Submitted July 17, 2020
San Francisco, California

Before: TASHIMA and HURWITZ, Circuit Judges, and MARSHALL,** District Judge.

After the district court granted partial summary judgment in favor of

Appellee Leprino Foods Company, Inc. ("Leprino") on Appellant Brandy Brewer's

("Brewer") claim for retaliation under California Labor Code § 1102.5(b)

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Consuelo B. Marshall, United States District Judge for the Central District of California, sitting by designation.

("Section 1102.5"), a jury found in Leprino's favor on Brewer's remaining claims. On appeal, Brewer challenges only the partial grant of summary judgment. We have jurisdiction under 28 U.S.C. § 1291 and review a summary judgment *de novo*. *See Flores v. City of San Gabriel*, 824 F.3d 890, 897 (9th Cir. 2016). We affirm.

1.	Section 1102.5 is "California's general whistle-blower statute." *Carter v. Escondido Union High Sch. Dist.*, 148 Cal. App. 4th 922, 933 (2007). "To establish a prima facie case of retaliation [under Section 1102.5], a plaintiff must show she engaged in protected activity, that she was thereafter subjected to adverse employment action by her employer, and there was a causal link between the two." *Soukup v. Law Offices of Herbert Hafif*, 39 Cal. 4th 260, 287-88 (2006) (quoting *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 69 (2000)). "An employee engages in activity protected by [Section 1102.5] when the employee discloses reasonably based suspicions of illegal activity." *Ross v. County of Riverside*, 36 Cal. App. 5th 580, 592 (2019) (internal quotation marks and citation omitted). Section 1102.5 does not "exalt … exclusively internal personnel disclosures with whistleblower status," *Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1378, 1385 (2005), nor does it protect disclosures that do not implicate a violation of the law, *see Carter*, 148 Cal. App. 4th at 933-34. Brewer identified three disclosures she made to Leprino officials concerning another supervisor as activity she claimed was protected by Section 1102.5: (1) the

2

supervisor stated she was tracking Brewer's use of leave under the Family and Medical Leave Act for abuse; (2) the supervisor stated she preferred to work with men over women; and (3) allegations concerning the supervisor's romantic relationship with another employee.  None of these disclosures implicates a violation of the law, and Brewer presented no evidence that she was motivated to disclose her complaints to her supervisors at Leprino due to a belief that a law had been violated.  *See, e.g., Harris v. City of Santa Monica*, 56 Cal. 4th 203, 231 (2013) (holding Fair Employment and Housing Act "does not purport to outlaw discriminatory thoughts, beliefs, or stray remarks that are unconnected to employment decisionmaking."); *Patten*, 134 Cal. App. 4th at 1382-85 (disclosure of coworker's "off-color remark" was a personnel matter not protected by Section 1102.5).  To the extent Brewer identifies on appeal other disclosures she believes constitute protected activity, such as her remarks that the supervisor favored male employees with respect to scheduling and shift assignments, we decline to consider those arguments because they were not raised at the motion for summary judgment.  *See Moreno Roofing Co., Inc. v. Nagle*, 99 F.3d 340, 343 (9th Cir. 1996) ("We are not required to consider an argument that was not properly presented to the district court or otherwise preserved for review."); *Lippi v. City Bank*, 955 F.2d 599, 604 (9th Cir. 1992) (holding the appellate court's "review is limited to the record presented to the district court at the time of summary

judgment"). Thus, Brewer's disclosures do not constitute activity protected by Section 1102.5.

2.      Because Brewer is not entitled to compensatory damages on her Section 1102.5 claim, her claim for punitive damages is moot. *See* Cal. Civ. Code § 3294(a) (stating plaintiff may recover punitive damages "in addition to the actual damages"); *see also Fassberg Constr. Co. v. Housing Auth. of City of L.A.*, 152 Cal. App. 4th 720, 758 (2007) ("[P]unitive damages cannot be awarded without actual damages.").

**AFFIRMED.**