NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PREMIER CONSTRUCTION AND
REMODEL, INC., a California corporation;
ROBERT DEVILLE, an individual,

Plaintiffs-Appellants,

v.

MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY, a New Jersey
corporation,

Defendant-Appellee.

No.   21-55496
      21-55835

D.C. No.
5:18-cv-02582-JGB-KK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted January 13, 2023
Pasadena, California

Before: CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

Appellants Premier Construction and Remodel, Inc., and its owner, Robert

Deville (collectively, Premier), appeal the district court's grant of summary

judgment to Appellee Mesa Underwriters Specialty Insurance Company (MUSIC),

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

on Premier's causes of action for breach of contract, bad faith, and negligent misrepresentation. Premier also appeals the district court's dismissal of its declaratory relief claim, its decision not to address Premier's request for punitive damages, and its imposition of sanctions on Premier's counsel.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038 (9th Cir. 2021). In doing so, we must determine "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law," while "viewing the evidence in the light most favorable to the nonmoving party." *Id.* (quoting *Baker v. Liberty Mut. Ins. Co.*, 143 F.3d 1260, 1263 (9th Cir. 1998)). We review the district court's award of sanctions for abuse of discretion. *United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1345 (9th Cir. 1985). We affirm.

1. Under California law, the "settled rule" concerning an insurer's duty to defend is that the duty exists "where a pleading against the insured raises the *potential* for coverage." *Continental Cas. Co. v. Super. Ct.*, 92 Cal. App. 4th 430, 439 (2001) (citing *Montrose Chem. Corp. v. Super. Ct.*, 6 Cal. 4th 287, 295 (1993)). There is no such duty where the complaint in the underlying action "cannot by any conceivable theory raise a single issue" which would trigger coverage under the applicable policy. *See id.* at 438–39.

The First Amended Complaint (FAC) in the underlying action alleged that Premier had failed to return keys and a garage door opener to the owner of a condominium that Premier had been contracted to remodel. Premier argues that these allegations raised the potential for coverage under provisions of the MUSIC insurance policy offering coverage for "property damage" caused by an "occurrence" (i.e., an accident). Specifically, Premier argues that its failure to return the keys and garage door opener may have caused the condo's owner to be locked out of his property in a manner constituting a "[l]oss of use" of the condo.

Because the FAC here "cannot by any conceivable theory raise a single issue" that would trigger coverage under the applicable policy, the district court properly granted summary judgment to MUSIC on Premier's breach of contract claim. *See id.* at 438–39. While Premier argues that a "loss of use" can be reasonably inferred from separate allegations in the FAC that Premier had unreasonably delayed work on the project, causing building permits to expire and subjecting the condo's owner to fines from the homeowners' association, we have previously held that an insurer need not defend the insured when the potential for liability is "tenuous and farfetched." *Lassen Canyon Nursery, Inc. v. Royal Ins. Co. of Am.*, 720 F.2d 1016, 1018 (9th Cir. 1983) (quoting *Giddings v. Indus. Indemn. Co.*, 112 Cal. App. 3d 213, 220 (1980)). Nor does an insurer's duty to defend

encompass liability that would only exist if new facts were alleged.[1] *See Upper Deck Co., LLC v. Fed. Ins. Co.*, 358 F.3d 608, 615–16 (9th Cir. 2004).

2. Under California law, a bad faith claim against an insurer fails if the insured was not entitled to benefits. *Grebow v. Mercury Ins. Co.*, 241 Cal. App. 4th 564, 581–82 (2015). Since Premier's breach of contract claim fails, its bad faith claim also fails.

3. The district court correctly held that Premier failed to oppose MUSIC's motion for summary judgment as to its negligent misrepresentation claim. "We are not required to consider an argument that was not properly presented to the district court or otherwise preserved for review." *Moreno Roofing Co., Inc. v. Nagle*, 99 F.3d 340, 343 (9th Cir. 1996).

4. Because Premier does not present argument concerning its declaratory relief claim, we affirm the district court's dismissal of this claim. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

5. "In California . . . actual damages are an absolute predicate for an award of . . . punitive damages." *Kizer v. County of San Mateo*, 53 Cal. 3d 139, 147

---

[1] Because we conclude that MUSIC had no duty to defend Premier prior to June 28, 2016, we decline to decide (i) whether the FAC colorably alleged an "occurrence," or (ii) whether the insurance policy's "faulty workmanship" exclusions also preclude coverage.

(1991). Given the failure of Premier's claims, there is no basis for an award of actual damages in this case and therefore no basis for an award of punitive damages.

6. The district court cited ample evidence of Premier's counsel's failure to comply with the court's filing rules and properly exercised its discretion to impose sanctions. Federal courts possess the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017)). This includes the power "to impose sanctions short of dismissal for violations of court orders." *See State Farm Fire & Cas. Co. v. U.S. ex rel. Rigsby*, 580 U.S. 26, 37 (2016).

**AFFIRMED.**